## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OFFICER PATRICK CAVALIERI,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-2089** |
| | : | |
| **BRIAN COPELAND and THE CITY** | : | |
| **OF PHILADELPHIA** | : | |
| **Defendants** | : | |

_____

| | | |
|---|---|---|
| **OFFICER DAVID MCANDREWS** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-2090** |
| | : | |
| **BRIAN COPELAND and THE CITY** | : | |
| **OF PHILADELPHIA** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                              **August 28, 2008**

This is an action for money damages brought pursuant to 42 U.S.C. Section 1983

and Section 1988, as well as the Fourth and Fourteenth Amendments to the United States

Constitution.  The plaintiffs, two Philadelphia Police Officers, have brought this action

against the City of Philadelphia and another Philadelphia Police Officer.  Each plaintiff

has filed an individual complaint and the defendants have responded individually to each

complaint, however for the sake of judicial economy all four motions for summary

judgment[1] shall be decided in this Memorandum and Order.  In the present motion, the

_____

[1] Brian Copeland has filed a motion for summary judgment against Patrick Cavalieri, in Civil
Action No. 07-2089, and another motion for summary judgment against David McAndrews in Civil

defendants claim that plaintiffs are barred from bringing this lawsuit because they entered into a settlement agreement with the City and its employees.  For the reasons stated below, I will grant the defendants' Motions for Summary Judgment.

I.    **BACKGROUND**

On May 8, 2004, Philadelphia Police Officers Brian Copeland, Patrick Cavalieri and David McAndrews were involved in a physical altercation.[2]  Officer Copeland was on duty in plain clothes when he was allegedly attacked and severely beaten by Officers Cavalieri and McAndrews.  He reported this incident to the police department and claimed that he was attached without provocation.  The Internal Affairs Division conducted an investigation and concluded that Officer Copeland was attacked without provocation as he patrolled the house where the television show "Real World" was being filmed.  Both officers were suspended with the intent to dismiss and later terminated.

The District Attorney's office reviewed the investigation file and charged Officers Cavalieri and McAndrews with aggravated assault, simple assault, recklessly endangering another person and criminal conspiracy as a result of the events of May 8, 2004.  Officers Cavalieri and McAndrews were arrested on November 30, 2005.  The charges against Officer McAndrews were dismissed at his preliminary hearing on February 6, 2005 for

---

Action No. 07-2090.  Likewise, the City of Philadelphia has filed a motion for summary judgment against Patrick Cavalieri, in Civil Action No. 07-2089, and another motion for summary judgment against David McAndrews in Civil Action No. 07-2090.

[2] The facts of the physical altercation are disputed.

lacking probable cause.  On November 22, 2006, the District Attorney withdrew the charge of Aggravated Assault, Felony 1 against Officer Cavalier and the Honorable Steven Geroff dismissed the charges of Aggravated Assault, Felony 2, against Officer Cavalieri.  The jury then acquitted Officer Cavalieri on all remaining misdemeanor charges.

In April 2007, Officer McAndrews entered into a settlement agreement with the City of Philadelphia and the Fraternal Order of Police whereby he was reinstated as a police officer and given various other related benefits.  In exchange, Officer McAndrews agreed not to sue the City or its employees for any claims "arising out of the subject matter of the alleged misconduct which led to the dismissal."  On December 12, 2006, Officer Cavalieri enter into a similar settlement agreement with the City and the Fraternal Order of Police whereby he was reinstated and given a $15,000 settlement.  Officer Cavalieri agreed not to sue the City under the same terms as Officer McAndrews.  In May 2007, both plaintiffs filed this civil suit against the City and its employee, Brian Copeland.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party initially bears the burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial <u>Celotex</u> burden can be met simply by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." <u>Id.</u> at 325. A fact is "material" only when it could affect the result of the lawsuit under the applicable law, <u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986), and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." <u>Id</u>. The moving party must establish that there is no triable issue of fact as to all of the elements of any issue on which the moving party bears the burden of proof at trial. <u>See</u> <u>In re Bessman</u>, 327 F.3d 229, 237-38 (3d Cir. 2003) (citations omitted).

After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); <u>see also</u> <u>Williams v. West Chester</u>, 891 F.2d 458, 464 (3d Cir. 1989). A motion for summary judgment looks beyond the pleadings and factual specificity is required of the party opposing the motion. <u>Celotex</u>, 477 U.S. at 322-23.

The non-moving party may not merely restate allegations made in its pleadings or rely upon "self-serving conclusions, unsupported by specific facts in the record." <u>Id</u>. Rather, the non-moving party must support each essential element of its claim with specific evidence from the record. <u>See id</u>. If the parties' evidence contradicts, the non-

-4-

moving party's evidence must be taken as true.  <u>Pastore v. Bell Tel. Co.</u>, 24 F.3d. 508, 512 (3d Cir. 1994).

A district court analyzing a motion for summary judgment "must view the facts in the light most favorable to the non-moving party" and make every reasonable inference in favor of that party.  <u>Hugh v. Butler County Family YMCA</u>, 418 F.3d 265, 267 (3d Cir. 2005) (citations omitted).  Summary judgment is therefore appropriate when the court determines that there is no genuine issue of material fact after viewing all reasonable inferences in favor of the non-moving party.  <u>See</u> <u>Celotex</u>, 477 U.S. at 322.

III.   **DISCUSSION**

The question presented to this Court is how to interpret the release of liability language contained in the parties' Settlement Agreement.  Specifically, the release states that "[i]n further consideration for the foregoing, the officer releases the City, its departments, officials, agents and employee from *any claims they had, have or may have arising out of the subject matter of the alleged misconduct which led to the dismissal*." (Settlement Agreement ¶ 5, emphasis added).

Defendants contend that the language of the contract is unambiguous and that it releases and discharges all claims and causes of action existing at the time of the execution of the release which were known or within the contemplation of the parties to the release.  They argue that the plain language of the settlement agreement is clear.  The parties intended to resolve the grievance filed on behalf of the plaintiffs rather than

continue with further litigation.  In consideration, the plaintiffs were reinstated as police officers and received various related benefits.

Further, defendants argue that the release bars all civil claims intitated by plaintiffs as they arise from the subject matter of their alleged misconduct.  Defendants contend that a general release will only bar those claims which have accrued prior to the execution of the release because only these claims could have been within the contemplation of the parties when the release was signed.  In this case, all of Officer Cavalieri's claims accrued prior to the execution of his release on December 12, 2006 and all of Officer McAndrew's claims accrued prior to his release on April 7, 2006.  Plaintiffs' claims related to the false arrest and imprisonment accrued no later than November 30, 2005 when they were arrested.  Plaintiffs' claims related to their malicious prosecution and abuse of process accrued no later than the date of the dismissal or acquittal of all criminal charges, which was February 6, 2006 for Officer McAndrews and November 27, 2006 for Officer Cavalieri.  Therefore, all of their claims accrued prior to agreeing to release the City and it employees in exchange for reinstatement and related benefits.  It is clear that these claims were within the contemplation of the parties at the time they agreed to the release.

Defendants contend that the plaintiffs agreed to release all claims arising out of the subject matter of the alleged misconduct.  In this case, the alleged misconduct is the assault on Officer Copeland by Officers Cavalieri and McAndrews which occurred on

May 8, 2004.  This assault led to the imposition of criminal charges and termination from the police department for both plaintiffs.  Defendants believe that there can be no question that the malicious prosecution and abuse of process claims arise out of the assault on Brian Copeland.  The officers would not have been subject to criminal charges if not for the events of May 8, 2004.  Finally, they argue that the language of the settlement agreement applies to all charges and that summary judgment is appropriate.

Plaintiffs assert that the claims in their Complaint do not arise out of the subject matter of their alleged misconduct.  In support of this contention the plaintiffs suggest that the same issue was examined in <u>Gunser v. City of Philadelphia</u>, 398 F. Supp.2d 392 (E.D.Pa. 2005), aff'd, 2007 U.S.App.Lexis 13860 (3rd Cir. 2007).  One officer, Shawn Dougherty, was dismissed from the department after criminal charges were filed against him charging that he redeemed beer kegs, evidence in a criminal case, for money.  <u>Id.</u> at 394.  The Fraternal Order of Police filed a grievance on his behalf challenging the dismissal.  This grievance was resolved pursuant to an agreement stating that Officer Dougherty agreed to release the City and its employees from any claims "arising out of the subject matter of the aforesaid grievance and demand for arbitration." <u>Id.</u> at 395. Officer Dougherty then filed a lawsuit claiming that his First Amendment right to free speech was violated, that his property right to employment was taken without due process of law and that he was prosecuted maliciously and without probable cause.

Five other officers were also investigated and disciplined within the department for

lying to investigators and falsifying police reports, but they were not arrested or prosecuted.  The Fraternal Order of Police filed a grievance on their behalf which was also resolved pursuant to a Settlement Agreement that contained the same language that was contained in Officer Dougherty's release.  They joined in the lawsuit and the Court held that their claims were precluded by the Settlement Agreement.

The court held that Dougherty's malicious prosecution claim was not precluded by the Settlement Agreement.  His other claims unrelated to his prosecution were precluded by the agreement because they arose out of "the subject matter of the aforesaid grievance."  Plaintiffs argue that this ruling would compel a finding in their favor despite the differences in the agreements.  Similar to Officer Dougherty, the plaintiffs have brought a claim of malicious prosecution and other claims related their arrest and prosecution.  They contend that the "subject matter of the alleged misconduct that led to dismissal" referred to in the Settlement Agreement is the conduct of Officer Cavalieri and Officer McAndrews when they allegedly beat Brian Copeland.  Plaintiffs assert that the subject matter of the alleged misconduct referred to in the Settlement Agreements is *not* the police investigation, the subsequent arrest and prosecution of the plaintiffs and Officer Copeland's alleged false testimony.  They maintain that the misconduct referred to in the Settlement Agreement is the May 8, 2004 conduct that formed the basis for their dismissal and not their arrest over a year later.

Next, plaintiffs argue that the "savings clause" in paragraph seven of the

Settlement Agreement preserves their claims.  Paragraph seven of the Settlement Agreement states that "this agreement shall be without precedent, and without prejudice to any claims, defenses or arguments, that any party hereto shall have in any other proceeding between or among them."  Plaintiffs claim that the inclusion of this paragraph is an indication that the parties contemplated the potential for other proceedings at the time they entered into this agreement and according to the plain and ordinary reading of paragraph seven, the present civil action clearly qualifies as a "claim" that plaintiffs "shall have in any other proceeding."  Therefore, these claims were contemplated and should be permitted.

Further, they argue that if paragraph five precludes all claims outside the confines of the specific grievance then paragraph seven is nullified.  Such an interpretation directly contravenes principles of contract interpretation and the clauses should be construed, if possible, as consistent with one another.  Plaintiffs suggest that the only logical interpretation of the two clauses is that paragraph five releases only those claims arising from the May 8, 2004 alleged misconduct of the plaintiffs, while paragraph seven preserves the plaintiffs' claims based on the subsequent criminal prosecution.  They maintain that the separate and unfounded criminal prosecution of the plaintiffs was outside the fair contemplation of the parties at the time of the Settlement Agreement, even though the criminal prosecution occurred before the signing of the agreement.

It is well established that general contract construction principles apply to

-9-

settlement agreements and releases of liability.  N.Y. State Elec. and Gas Corp. v. FERC, 875 F.2d 43, 45 (3d Cir. 1989).  If the intent of the parties is unambiguous, the construction is a question of law which is appropriate for summary judgment.  W.B. v. Matula, 67 F.3d 484, 497 (3d Cir. 1995).  Where the language of the contract is clear and unambiguous, the court is required to give effect to that language.  Puckett v. Scannell, 29 Pa.D.&C.3d 256, 260 (Pa. Ct. Com. Pl. 1984).  A release is to be strictly construed and thus, covers only those matters which fairly can be represented as having been within the contemplation of the parties at the time of the release's execution.  Bowersox Truck Sales and Services, Inc. v. Hardco Nat'l Ins. Co., 209 F.3d 273, 281 (3d Cir. 2000).

In this case, the parties agreed to enter into the Settlement Agreement to resolve this matter without further litigation.  Officers Cavalieri and McAndrews were reinstated as police officers with benefits and agreed not to pursue any further remedies against the City and its employees.  In paragraph five of the Settlement Agreement the plaintiffs released the City and its employees from *any* claims they had, have or *may have* arising out of the *subject matter of the alleged misconduct which led to the dismissal.* (Settlement Agreement ¶ 5, emphasis added).  This release applies to Brian Copeland as an employee of the City.  Further, the plain language of the release is clear and unambiguous.  There was consideration for the agreement and there is no language in the agreement which preserved specific types of claims.  Rather, the release was general and applied to any claims.

-10-

The "subject matter of the alleged misconduct which led to the dismissal" is the alleged assault on Officer Copeland by Officers Cavalieri and McAndrews on May 8, 2004.  This assault and the events that led up to the assault are not the only events that are the subject matter of the Settlement Agreement as the defendants assert.  The events of May 8, 2004 had ramifications.  They led to the imposition of criminal charges which resulted in the plaintiffs' termination.  These malicious prosecution and abuse of process claims arise from the alleged assault of Brian Copeland by the plaintiffs.  If not for the assault, there would not have been an investigation and that investigation would not have led to criminal charges.  The events of May 8, 2004 did not occur in legal isolation and it is inappropriate to suppose that the Settlement Agreement only intended those specific events to be the subject matter of the release.

The Settlement Agreement was bargained for and agreed upon well after the investigation, arrests, termination and prosecution of the plaintiffs.  It is clear that these events were within the contemplation of the plaintiffs when they signed the general release.  The claims presently before the court clearly fall into the "any claims they had, have or *may have*" language in the release.  The plaintiffs were already interrogated, fired and taken to court to defend themselves when they agreed not to pursue any further remedies in their grievance action and agreed to release any further claims arising out of the subject matter of the alleged misconduct which led to their dismissal.  They released the right to pursue further legal action regarding this incident when they signed the

Settlement Agreement and returned to the police force with additional benefits.

The language of paragraph seven of the Settlement Agreement does not act as a "savings clause" to preserve the claims asserted by the plaintiffs in the present action. Paragraph seven states that "[t]his agreement shall be without precedent, and without prejudice to any claims, defenses or arguments, that any party hereto shall have in any other proceeding between or among them."  Paragraph seven is not in conflict with paragraph five and they should be construed as consistent with one another if possible under principles of contract interpretation.  See e.g. Flately v. Penman, 429 Pa. Super. 517, 521 (1993).  The parties agreed not to use the existence of this Settlement Agreement against each other in future proceeding unrelated to May 8, 2004.  The claims in this case are related to the subject matter of this agreement.

This case is distinguished from Gunser v. Philadelphia, 398 F.Supp.2d 392 (E.D.Pa. 2005) because the language of the release here is broader.  In this case, the plaintiffs agreed to release any claim arising from the subject matter of the alleged misconduct as opposed to "any claims arising out of the subject matter of the aforesaid grievance and demand for arbitration."  The "any claims" in this case are not limited to those initiated in the grievance and demand for arbitration, but rather include any claim that arose from the events of plaintiffs alleged misconduct; the attack on Officer Copeland.  The investigation and subsequent charges arose from this alleged misconduct and are barred by the Settlement Agreement.

The Court must engage in additional analysis when a plaintiff is alleged to have waived civil rights or constitutional claims before finding that such claims are precluded by a release clause in a settlement agreement.  <u>Gunser</u> 398 F.Supp.2d at 398-99.  The Court must look at the totality of the circumstances surrounding the execution of the agreement, and determine whether the execution of the agreement was knowing and voluntary.  <u>Id.</u>  The Court may consider: a) whether the language is clear and specific; b) whether the consideration given in exchange for the waiver exceeded the relief to which the signer was entitled by law; c) whether the signer was represented by counsel; d) whether the signer has received an adequate explanation of the document; e) whether the signer has time to reflect on the waiver; and f) whether the signer understood the nature and scope of the release.  <u>Id.</u>  The Court may also look at whether there is evidence of fraud or undue influence, or whether enforcement of the agreement would be against public interest.  <u>Id.</u>

Examining the totality of circumstances, I find that the plaintiffs claims arise out of the subject matter of the alleged misconduct which led to their dismissal.  The language of the Settlement Agreement is clear and specific and is consistent with the remainder of the agreement.  There was adequate and fair consideration given by all parties to the agreement and the plaintiffs were represented by members of the Fraternal Order of Police in filing their grievances and settling their dispute.  The nature and scope of the waiver is clear and could be understood by a reasonable lay person and any questions the

plaintiffs had could have been answered by their union representatives.  Further, all relevant events in this case happened before the plaintiffs signed the waiver and they had adequate time to reflect on the agreement before it was signed.  There is no evidence of fraud or undue influence[3] regarding the signing of the Settlement Agreement.  The plaintiffs' waivers were knowing and voluntary and there are no genuine issues of material fact remaining in this case.

IV.    **CONCLUSION**

For the reasons stated above, I will grant Brian Copeland's Motion for Summary Judgment against Patrick Cavalieri (07-CV-2089) and David McAndrews (07-CV-2090) and the City of Philadelphia's Motion for Summary Judgment against Patrick Cavalieri (07-CV-2089) and David McAndrews (07-CV-2090).

---

[3] Plaintiffs claim that the Settlement Agreements were signed under duress in Plaintiffs' Response to the Counterclaims of Brian Copeland and the City of Philadelphia.  However, if the party was free to consult counsel prior to signing the release, then there can be no defense of duress.  Hamilton v. Hamilton, 591 A.2d 720, 722 (Pa. Super.Ct. 1991).  In this case, plaintiffs had counsel and adequate union representation.  The affirmative defense of duress to defendants' counterclaim is without merit.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OFFICER PATRICK CAVALIERI,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-2089** |
| | : | |
| **BRIAN COPELAND and THE CITY** | : | |
| **OF PHILADELPHIA** | : | |
| **Defendants** | : | |

_____

| | | |
|---|---|---|
| **OFFICER DAVID MCANDREWS** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-2090** |
| | : | |
| **BRIAN COPELAND and THE CITY** | : | |
| **OF PHILADELPHIA** | : | |
| **Defendants** | : | |


## <u>O R D E R</u>

**STENGEL, J.**


     **AND NOW**, this 28th day of August, 2008, upon consideration of Brian

Copeland's Motions for Summary Judgment (07-CV-2089 Document #27, 07-CV-2090

Document #26), The City of Philadelphia's Motions for Summary Judgment (07-CV-

2089 Document #28, 07-CV-2090 Document #27) and the plaintiffs responses thereto,  it

is hereby **ORDERED** that the motions are **GRANTED**.

The Clerk of Court is directed to mark this case closed for statistical purposes.


BY THE COURT:


/s/ Lawrence F. Stengel

LAWRENCE F. STENGEL, J.